

**SO ORDERED.**

**SIGNED this 19th day of August, 2021.**



LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Cynthia A. Butler, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 20-50897 |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| Daniel C. Bruton, Trustee in | ) | |
| Bankruptcy for Cynthia A. Butler, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 21-6002 |
| | ) | |
| v. | ) | |
| | ) | |
| First Citizens Bank & Trust Co. and | ) | |
| Mortgage Electronic Registration | ) | |
| Systems, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

### ORDER AND OPINION
#### GRANTING DEFENDANTS' MOTION TO DISMISS AND
#### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS ADVERSARY PROCEEDING comes before the Court on (1) the motion

to dismiss filed by Defendant First Citizens Bank & Trust Company (Docket No. 13,

1

the "Motion to Dismiss"), along with the joinder to the Motion to Dismiss filed by

Defendant Mortgage Electronic Registration Systems, Inc. (Docket No. 16), and (2)

the motion for summary judgment, along with supporting affidavit and

memorandum (Docket Nos. 18, 19, 27, collectively the "Summary Judgment

Motion"), filed by the Plaintiff, Daniel C. Bruton, in his capacity as chapter 7

trustee for the estate of Cynthia A. Butler. The Plaintiff filed an objection to the

Motion to Dismiss (Docket No. 17), and the parties filed responses and replies to the

Summary Judgment Motion (Docket Nos. 20, 26, 28).

For the reasons set forth below, the Court finds that the Complaint fails to

state a claim upon which relief may be granted and therefore grants the

Defendants' Motion to Dismiss. The Court also finds that, because it grants the

Motion to Dismiss, the Plaintiff's Summary Judgment Motion must be denied as

moot for the same reasons.

BACKGROUND AND ALLEGATIONS

Cynthia Butler, the debtor in the underlying bankruptcy case (the "Debtor"),

filed a petition for relief under chapter 7 of the Bankruptcy Code on December 10,

2020. Daniel C. Bruton was appointed as chapter 7 trustee on December 11, 2020.

Chief among the assets listed on the Debtor's Schedule A/B is real property at

2526 Wood Valley Road, Winston-Salem, North Carolina (the "Property"), which the

Debtor valued at $127,200.00. On Schedule D, the Debtor listed First Citizens Bank

& Trust Company, Inc ("First Citizens") as holding a lien against the Property in

the amount of $105,398.00. The Debtor also claimed an exemption in any equity she

held in the Property, totaling approximately $21,802.00, pursuant to N.C. Gen. Stat. § 1C-1601(a)(1).

A copy of the deed of trust, which secures the Defendants' residential mortgage on the Debtor's Property, is attached as an exhibit to the Plaintiff's Complaint (Docket No. 1, Ex. A, the "Deed of Trust"). The Deed of Trust lists the Debtor as the "Borrower," First Citizens as "Lender," and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "beneficiary … solely as nominee for First Citizens and its successors and assigns." The Deed of Trust was prepared by First Citizens and signed by the Debtor.

The bottom of each page of the Deed of Trust indicates the document is a standard, 14-page Fannie Mae/Freddie Mac form. All 14 pages of the form contain the same serial number printed below the bar code at the bottom of the page. The provisions and covenants of the Deed of Trust conclude on page 12, with the remainder of that page intentionally left blank with a signature page to follow. Page 13 contains the printed name and purported signature of the Debtor below a line indicating that, "By Signing under Seal Below, Borrower accepts and agrees to the terms contained in this Security Instrument and in any Rider executed by Borrower and recorded with it." The rest of the signature page contains blank lines for any additional borrowers, of which there were none, who may have been parties to the Deed of Trust. The final part of the form on page 14 contains the acknowledgment, the image of which the Court has copied below:

Acknowledgment

State of _NC_

County of _Forsym_

I, _Tammy H. Norton_ , a notary public, do hereby certify that

personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official stamp or seal on _9-29-2014_

_Tammy N. Norton_

Notary Public

Tammy H. Norton
Notary Public
Forsyth County, NC
My Commission Expires: 1-7-18

My commission expires: _1-7-2018_

The Plaintiff initiated this adversary proceeding on January 8, 2021, seeking a finding, pursuant to 11 U.S.C. § 544(a), that the acknowledgment above contains a fatally defective notarial certificate. The defective certificate, the Plaintiff asserts, renders the recordation of the Deed of Trust invalid as against the property interests of the Plaintiff and the Debtor's bankruptcy estate. The Plaintiff further requests that, to the extent that the Defendants' lien under the Deed of Trust is avoidable, that he be entitled to obtain and retain any avoidance or recovery for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551.

The Defendants' move to dismiss the proceeding, arguing that the Plaintiff does not state a claim upon which relief may be granted. Even accepting all well-pleaded facts as true, the Defendants assert that the missing name does not make the notarial certificate fatally defective and does not render the Deed of Trust voidable. In his objection to the Motion to Dismiss and in his brief in support of the Summary Judgment Motion, the Trustee counters that there are no material facts in dispute between the parties and that, based on North Carolina caselaw and statutes, the "wholescale omission of a signor's name from a notarial

4

acknowledgment comes nowhere close to substantial compliance" (Docket No. 19, ¶ 87). Accordingly, the Plaintiff asserts that not only does the Complaint plead a claim that is plausible on its face, but that the uncontested material facts entitle him to judgment as a matter of law.

The Court held a hearing on June 9, 2021, at which the Plaintiff appeared on his own behalf, Andrew Irby appeared for First Citizens, and Stephanie Goodbar appeared for MERS. The parties presented arguments on the merits of the Motion to Dismiss and the Summary Judgment Motion; at the conclusion of the hearing, the Court considered both matters to be fully submitted.

APPLICABLE LEGAL STANDARD

1. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, a court must "test the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." *Dolgaleva v. Va. Beach City Pub. Schs.,* 364 F. App'x 820, 825 (4th Cir. 2010). A motion under Rule 12(b)(6) should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the factual allegations must "be enough to raise a right to relief above the speculative level" and advance the plaintiff's claim "across the line from conceivable to plausible." *Id.* at 555, 570. As explained in *Ashcroft v. Iqbal,*

> A claim has facial plausibility when the plaintiff pleads factual content
> that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

To determine plausibility, all well-pleaded facts set forth in the complaint are taken as true and viewed in a light most favorable to the plaintiff; however, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pleaded facts necessary to withstand a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion to dismiss, the Court "evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (holding a court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). As with the complaint itself, the Court construes the facts in attached exhibits in a light most favorable to the Plaintiff. *Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr., Inc.*, 7 F. App'x 197, 202 (4th Cir.

6

2001). The Court also takes judicial notice of pertinent docket entries and papers within this adversary proceeding and the underlying bankruptcy case. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a bankruptcy court may "properly take judicial notice of its own records"); *see also Brown v. Ocwen Loan Servicing, LLC*, No. 14-3454, 2015 WL 5008763, at \*1 n. 3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016) (taking judicial notice of docket entries in other cases for purposes of evaluating a Rule 12(b)(6) motion to dismiss).

### 2. Rule 56(a) Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. In applying this standard, a court will "view all reasonable inferences drawn from the evidence in the light that is most favorable to the non-moving party." *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Shee Atika Languages, LLC v. Glob. Linguist Sols., LLC*, 601 F. App'x 224, 225 (4th Cir. 2015) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). The nonmoving party "must rely on more than conclusory allegations, mere speculation, the building of one inference upon

7

another, or the mere existence of a scintilla of evidence." *Randa v. Garland*, No. 20-2087, _ F. App'x _, 2021 WL 1328543, at *1 (4th Cir. Apr. 9, 2021) (internal citation omitted).

DISCUSSION

By way of the Complaint, the Plaintiff seeks to avoid the Defendants' mortgage lien on the Property under § 544, through which a trustee, without regard to his personal knowledge or that of any creditor, "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by … a bona fide purchaser of real property." 11 U.S.C. § 544(a)(3). Under this statutorily-created "legal fiction," the trustee assumes the rights and powers of a bona fide purchaser of real property from the debtor, occurring as of the date of the bankruptcy filing, and "is clothed with whatever legal rights the bona fide purchaser would possess." *In re Portuesi*, No. 20-2018, 2021 WL 2189014, at *12 (Bankr. M.D.N.C. May 28, 2021) (quoting *In re Granada, Inc.*, 92 B.R. 501, 504 (Bankr. D. Utah 1988)). Consequently, a trustee could use § 544(a)(3) to avoid a lien created before the bankruptcy case was filed if a hypothetical bona fide purchaser would have acquired the property free of the lien. *SunTrust Bank, N.A. v. Macky (In re McCormick)*, 669 F.3d 177, 181 (4th Cir. 2012).

The rights and powers of a bona fide purchaser, and the ability of a trustee to avoid a given lien, are dependent upon state law. *In re McCormick*, 669 F.3d at 180. Therefore, the Plaintiff's right to avoid the Defendants' purported lien under the Deed of Trust "is determined by whether, under state law, a bona fide purchaser of the property would have taken the property subject to the lien. If the bona fide

8

purchaser would not have taken it subject to the lien, then neither would the Trustee." *Id.* Here, North Carolina law will determine whether the Deed of Trust is voidable, and thus avoidable by the Plaintiff, due to the allegedly defective notarial certificate and acknowledgment.[1]

Under North Carolina law, "[a]ll deeds, contracts or leases, before registration, … shall be acknowledged by the grantor, lessor or the person executing the same, or their signature proven on oath by one or more witnesses in the manner prescribed by law, and all deeds executed and registered according to the law shall be valid, and pass title and estates without livery of seizin, attornment or other ceremony." N.C. Gen. Stat. § 47-17. North Carolina is one of the few states that maintains a "pure race" recording system, "which is characterized simply as 'first to record, first in right.'" Charles Szypszak, *North Carolina's Real Estate Recording*

---

[1] In his brief, the Plaintiff cites to cases from the Sixth Circuit Court of Appeals and other federal courts holding that the omission of a grantor's name from the notarial certificate is a fatal defect (Docket No. 19, ¶¶ 22, 84) (citing, *e.g., In re Biggs*, 377 F.3d 515 (6th Cir. 2004); *In re Giroux*, No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009); *In re Willis*, No. 07-1008, 2008 WL 444547 (Bankr. D. Vt. Feb. 15, 2008); *In re Stubbs*, 330 B.R. 717 (Bankr. N.D. Ind. 2005)). Even if the facts in those cases were identical, the same question may yield contrasting results among bankruptcy courts depending on the nature of the controlling state law. Because the rights and powers of a bona fide purchaser are so dependent upon the unique contours of state law, the decisions cited by the Plaintiff are of limited utility to determining whether the acknowledgment here was substantially compliant under North Carolina law. Some of the bankruptcy courts relied upon by the Plaintiff were unable to identify any state-court decisions directly addressing the question at hand and instead looked for, and applied, general principles from cases in which the facts were not completely analogous. *See Giroux*, 2009 WL 1458173, at *8, and *Stubbs*, 330 B.R. at 722—26 (citing *In re Baldin*, 135 B.R. 586, 593–94 (Bankr. N.D. Ind. 1991)). One decision the Plaintiff cites for support contains significantly distinguishable facts from this case, *Willis*, 2008 WL 444547, at *6 (finding acknowledgment invalid where an incorrect name was used), and, moreover, another decision from the same bankruptcy court with facts comparable to those here held that a mortgage deed containing an acknowledgment with a blank space for the signatory's name was nevertheless valid under Vermont law. *See In re Stanzione*, No. 07-1011, 2007 WL 2792844, at *7 (Bankr. D. Vt. Sept. 24, 2007). Even if all the cases cited by the Plaintiff were factually similar, their persuasive value is limited, and the Court must analyze the acknowledgment in the Deed of Trust through the lens of the substantial compliance standard as it has been interpreted and employed under North Carolina law.

*Laws: The Ghost of 1985*, 28 N.C. CENT. L.J. 199, 199 (2006). "Notice plays no role in this statute, only *registration*, which refers to the status of being properly recorded," which typically occurs through an acknowledgment, i.e., "when the signatory signs or acknowledges having signed before a notary or other authorized official." *Id.* at 201, 213 n. 80 (citing N.C. Gen. Stat. § 10B-3(1)).

Simply recording the lien is not sufficient, in and of itself, if the lien was not properly registered; "an instrument is denied the benefits of the statute if it lacks all required components of a proper registration," including the acknowledgment. *Id.* at 216 (emphasis omitted); *see also* 2 WEBSTER'S REAL ESTATE LAW § 17.06 (2021). As the Fourth Circuit concluded, "[i]f a prior lien is not properly recorded in accordance with the [state's recording] system, then the purchaser can count on taking the property as if no lien exists, even though the purchaser may have knowledge that an earlier lien had been created." *McCormick*, 669 F.3d at 181 (citing *Hill v. Pinelawn Mem'l Park, Inc.*, 282 S.E.2d 779, 782 (N.C. 1981)).

Against this backdrop, the Court will apply North Carolina law to the facts of this case to determine if the recording of the Deed of Trust is void due to the allegedly defective acknowledgment and notarial certificate. This finding will then determine the Plaintiff's ability to avoid the lien and, consequently, whether the Complaint states a plausible claim for relief under § 544(a)(3) and whether the Plaintiff is entitled to judgment as a matter of law under Rule 56(a).

10

The Court first considers the Deed of Trust's validity within the context of the Defendants' Motion to Dismiss, followed by the Plaintiff's Summary Judgment Motion.

### 1. The Defendants' Motion to Dismiss

In 2005, North Carolina repealed its prior legal framework for notaries and adopted the "Notary Public Act." *See* N.C. Gen. Stat. § 10(B)-1 et seq. (2005). The Notary Public Act set out new guidelines for the notaries public of North Carolina, 2 WEBSTER'S REAL ESTATE LAW § 17.06, but almost immediately drew questions regarding the new statutory scheme's impact on established common law. Haley Haynes, *Notaries Public - What's the Big Deal - And the New Chapter 10B of the General Statutes*, 11 N.C. ST. B.J. 10, 11 (2006). The legislature responded quickly with amendments, which took effect in October of 2006 and ensured, in the view of the then Deputy Secretary of State, that the Notary Public Act addressed "two equally important concepts: (1) the authority of the Secretary [of State] to effectively regulate the conduct of notaries public in order to accomplish the underlying goals of the notary laws, and (2) the ability of third parties to rely on notarizations in the event of technical defects in a notarization." *Id.* Among the most significant amendments addressing the latter was an adjustment to N.C. Gen. Stat. § 10B-99, which was intended as a "[c]larification in statutory form that the 'presumption of regularity' created by the doctrine of substantial compliance shall apply to all notarial acts, absent evidence of fraud or knowing and deliberate violation of Chapter 10B by the notary." *Id.* at 12. This statutory change ensures

that, as long as there has been substantial compliance with the notarization

procedure, the notarial act is granted a presumption of regularity.

Section 10B-99, which is entitled "Presumption of regularity," provides as

follows:

> (a) In the absence of evidence of fraud on the part of the notary, or evidence of a knowing and deliberate violation of this Article by the notary, the courts shall grant a presumption of regularity to notarial acts so that those acts may be upheld, provided there has been substantial compliance with the law. Nothing in this Chapter modifies or repeals the common law doctrine of substantial compliance in effect on November 30, 2005.
> (b) A notarial act shall be deemed valid if it complies with the law as it existed on or before December 1, 2005. This section applies to notarial acts whenever performed.

N.C. Gen. Stat. § 10B-99 (2021).

The doctrine of substantial compliance is based on the rationale that

"notaries do not have to be perfect or exacting in their official actions, if they are

predominantly complete and correct in what they do." Michael L. Closen, *To Swear*

*or Not to Swear Document Signers: The Default of Notaries Public and a*

*Proposal to Abolish Oral Notarial Oaths*, 50 BUFF. L. REV. 613, 662 (2002). While

"there is no brightline understanding of the substantial compliance standard," *id.* at

663, the North Carolina Supreme Court has, through over a century of caselaw,

provided numerous examples of acknowledgments that may be technically deficient

in some manner but otherwise substantially comply with the law. *See* discussion

below at Part 1(a).

12

If an acknowledgment, which is a notarial act under the Notary Public Act,[2] is found to substantially comply with the requirements of the statute, a presumption of regularity will apply, which "certainly carries evidentiary weight." Michael L. Closen, *The Public Official Role of the Notary*, 31 J. MARSHALL L. REV. 651 (1998) (noting that, under this presumption, "a notarization should generally be recognized or accepted without independent proof of its validity."). A party challenging the validity of the acknowledgment can rebut the presumption of regularity by asserting, and eventually proving, factual allegations of irregularity such as forgery, fraud, or a knowing and deliberate violation on the part of the notary. *See Sfreddo v. Hicks*, 831 S.E. 2d 353, 360–62 (N.C. Ct. App. 2019). To "impeach a notary's certification" and rebut the presumption, "there must be more than a bare allegation that no acknowledgment occurred." *In re Thomas*, No. 12-11126, 2015 Bankr. LEXIS 2826, at *18 (Bankr. M.D.N.C. Aug. 24, 2015) (quoting *Moore v. Moore*, 424 S.E.2d 673, 675 (N.C. Ct. App. 1993)).

In evaluating the Defendants' Motion to Dismiss, the Court must first decide whether the acknowledgment within the Deed of Trust satisfies the substantial compliance standard and merits a presumption of regularity under N.C. Gen. Stat. § 10B-99. If so, the Court must then consider whether the Complaint contains factual allegations sufficient to rebut the presumption.

---

[2] The "Definitions" section of the Notary Public Act defines "notarial act, notary act, and notarization" as "[t]he act of taking an acknowledgment, taking a verification or proof or administering an oath or affirmation that a notary is empowered to perform under G.S. 10B-20(a)." N.C. Gen. Stat. § 10B-3(11). Moreover, the definition of "Acknowledgment" defines it first and foremost as "a notary act ..." N.C. Gen. Stat. § 10B-3(1).

a. *The Acknowledgment Substantially Complied with Notary Public Act and the Presumption of Regularity Applies*

Section 10B-99 of the Notary Public Act explicitly codifies and maintains the substantial compliance standard as developed through North Carolina caselaw. The seminal case on the "substantial compliance" standard is *Freeman v. Morrison*, 199 S.E. 12 (N.C. 1938), in which the North Carolina Supreme Court adopted a "liberal construction" toward certificates of acknowledgment "in order to sustain them if the substance be found, and the statute has been substantially observed and followed." *Id.* at 14. In *Freeman*, the court found an acknowledgment that was not in the model form nevertheless substantially complied with the requirements of the statute. Because the acknowledgment was sufficient under the statute, it thus prevailed over a disputed deed as being first in time. Through its holding, the *Freeman* court joined those courts that "strongly advocate a liberal interpretation of the statutes, in order that acknowledgments may be upheld whenever there has been a substantial compliance with the law and no suspicion of fraud or unfairness attaches to the transaction." *Id.* (citing 1 AM. JUR. *Acknowledgments* § 169). The presumption of regularity established under N.C. Gen. Stat. § 10B-99 both codifies and continues the substantial compliance standard elaborated upon in *Freeman*.

In *Freeman*, the North Carolina Supreme Court considered the acknowledgment of a lease which, among other issues, did not state the name of the lessor. In the acknowledgment, the notary included only the phrase, "Acknowledged to before me, this June 4th, 1936." *Id.* at 13–14. The court noted that, under North Carolina law, the name of the grantor "should appear in the certificate, either by

14

incorporation or direct reference to the instrument acknowledged." *Id.* While
conceding that an examination of the lease and acknowledgment, when taken
together, may not have revealed the fact that the lessor personally appeared before
the notary, the *Freeman* court nevertheless found the acknowledgment to be in
"substantial compliance with the requirements of the statute." *Id.* at 13. In so
finding, and in adopting a liberal construction of the acknowledgment's language,
the North Carolina Supreme Court observed that "it does not affirmatively appear
that the lessor did not come before the notary; the contrary is clearly implied in the
statement that he 'acknowledged' the lease before the notary." *Id.* at 14. While
"technically inexact and informally stated," the *Freeman* court found the
acknowledgment was in substantial conformity with the statute and thus valid.

While recognized as the keystone case in establishing the substantial
compliance standard, the *Freeman* decision was preceded by, and continued, a
liberal approach to acknowledgments explored in *Manufacturers' Finance Co. v.
Amazon Cotton Mills Co.*, 109 S.E. 67 (N.C. 1921). In *Amazon Cotton*, the North
Carolina Supreme Court considered an acknowledgment to the conditional sale of a
vehicle that was challenged as insufficient because, in large part, the name of the
grantor did not appear in the body of the acknowledgment and the acknowledgment
did not mention the instrument to which it related. *Id.* at 68.[3] The court cited and

---

[3] The disputed acknowledgment in *Amazon Cotton* read as follows:

"Signed, sealed and delivered in the presence of -----. Subscribed and sworn to before me this
17 April, 1920. In witness whereof I have hereunto set my hand and seal this day and date
above written. R. L. Pope, N. P." (Here follows the seal of the notary public, with the addition
of the sentence, "My commission expires 16 October, 1921"), and the following: "North
Carolina, Davidson County, in Superior Court. The foregoing certificate of R. L. Pope, N. P.,
of Davidson County, attested by his official seal, is adjudged to be in due form and according

15

applied the "rule of universal application that a literal compliance with the statute is not to be required of a certificate of acknowledgment … if it substantially conforms to the statutory provisions as to the material facts to be embodied therein[.]" *Id.* While the acknowledgment did not explicitly reference the instrument and omitted the name of the grantor, the *Amazon Cotton* court still found it to be valid, reasoning that "[t]he failure to name the party in the certificate of acknowledgment is not material when, as here, it appears on the same paper and refers to the instrument which is certified by the notary to be 'subscribed before him.'" *Id.* As in *Freeman*, the omission of the grantor's name in *Amazon Cotton* did not bar a finding of substantial compliance and invalidate an otherwise sufficient acknowledgment.

   *Freeman* and *Amazon Cotton* are particularly pertinent to the issue at hand, not merely because of their respective places in establishing the doctrinal framework around substantial compliance, but also because key principles regarding the omission of the signatory's name can be distilled from both decisions and applied to the facts in this case. Specifically, the absence of the signatory's name from the acknowledgment is not fatal if: (1) the acknowledgment otherwise contains the material facts required under the statute; (2) the signatory's name appears on, and refers to, the instrument which is certified by the notary as acknowledged or subscribed before them; and (3) there are no open questions about

---

to law. Let the instrument and certificate be registered. Witness my hand this 24 April, 1920. S. J. Smith, C. S. C."
*Amazon Cotton*, 109 S.E. at 68.

whether the acknowledgment pertains to only a subset of the signatories because there was only one required signer.[4]

Application of these principles to the case at hand demonstrates the acknowledgment in the Deed of Trust substantially complies with the statute. First, the acknowledgment includes all the elements required under the statute save for the name of the grantor. *See* N.C. Gen. Stat. § 10B-40(b).[5] In fact, the acknowledgment is much closer than those in *Amazon Cotton* and *Freeman* to the model form under N.C. Gen. Stat. § 10B-41.[6]

---

[4] There is some linguistic confusion within *Freeman* as to whether there was one lessor or multiple lessors referenced in the acknowledgment. While it initially discussed the signature and seals of the "lessors," *Freeman*, 199 S.E. at 13, the court later referred to the "personal appearance of the lessor before the notary" and found that "*he* 'acknowledged' the lease before the notary." *Id.* at 14 (emphasis added). The "Prior History" section that precedes the opinion confirms that there was a single lessor (W.S. Gough) whose signature was at issue in the acknowledgment. *Id.* at 12.

[5] **Notarial certificates in general.**
  (b) A notarial certificate for the acknowledgment taken by a notary of a principal who is an individual acting in his or her own right or who is an individual acting in a representative or fiduciary capacity is sufficient and shall be accepted in this State if it is substantially in the form set forth in G.S. 10B-41, if it is substantially in a form otherwise prescribed by the laws of this State, or if it includes all of the following:
    (1) Identifies the state and county in which the acknowledgment occurred.
    (2) *Names the principal who appeared in person before the notary*.
    (3) Repealed by Session Laws 2006-59, s. 18 ,effective October 1, 2006.
    (4) Indicates that the principal appeared in person before the notary and the principal acknowledged that he or she signed the record.
    (5) States the date of the acknowledgment.
    (6) Contains the signature and seal or stamp of the notary who took the acknowledgment.
    (7) States the notary's commission expiration date.
N.C. Gen. Stat. § 10B-40(b) (emphasis added).

[6] **Notarial certificate for an acknowledgment.**
  (a) When properly completed by a notary, a notarial certificate that substantially complies with the following form may be used and shall be sufficient under the law of this State to satisfy the requirements for a notarial certificate for the acknowledgment of a principal who is an individual acting in his or her own right or who is an individual acting in a representative or fiduciary capacity. The authorization of the form in this section does not preclude the use of other forms.
    County, North Carolina

Second, the Debtor's name and signature appear on and refer to the same instrument referenced in the acknowledgment (Docket No. 1, Ex. A). The Debtor's signature appears on "Page 13 of 14" of the Deed of Trust and states that, by signing under seal below, the Debtor "accepts and agrees to the terms contained in this Security Instrument." The acknowledgement can be found on the subsequent "Page 14 of 14" and states that "____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument." While not on the same page, the Court can nevertheless find that the Debtor's signature and the acknowledgment reference, and are part of, the same security instrument, which the Court concludes is a standard, 14-page Fannie Mae/Freddie Mac form in which all 14 pages of the form contain the same serial number printed below the bar code at the bottom of the page. Based on this finding, the Court concludes that the "foregoing instrument" referenced in the acknowledgment is the same "Security Instrument" accepted and signed by the Debtor.

Third, there are no open questions about which signatory appeared before the notary and acknowledged the security instrument. The Debtor was the only signatory to the Deed of Trust and there are no other parties whose presence was a

---

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: name(s) of principal(s).

Date: Official Signature of Notary

Notary's printed or typed name, Notary Public

(Official Seal) My commission expires:

N.C. Gen. Stat. § 10B-41(a).

possibility. In other circumstances, the omission of a signatory's name from the acknowledgment would be more problematic, and could preclude a finding of substantial compliance, if there were multiple signatories on a contract, deed of trust, or lease. Such was the case in *Barber v. Brunson*, 161 S.E. 549 (N.C. 1931), in which the North Carolina Supreme Court invalidated a deed of trust where the notarial certificate omitted the names of the three male signatories and, in fact, confusingly referred to the personal appearance of a single man and his wife. *Id.* at 549. In such a case, a court would be unable to determine which of the parties, if any, appeared before the notary and acknowledged the instrument. The Court need not address the *Barber* scenario here because the Debtor was the only signatory on the Deed of Trust.[7] Accordingly, the Court finds that the individual referred to in the acknowledgment who personally appeared and executed the instrument was the Debtor.

This finding is bolstered by considering the effect of a notary's certification under the Notary Public Act. As provided in Section 10B-40, "[b]y making or giving a notarial certificate, *whether or not stated in the certificate*, a notary certifies as follows: (1) As to an acknowledgment, all those things described in G.S. 10B-3(1)." N.C. Gen. Stat. § 10B-40(a1) (emphasis added). Section 10B-3(1), which contains the definitional components of an acknowledgment, reads:

(1) Acknowledgment. -- A notarial act in which a notary certifies that at a single time and place all of the following occurred:

---

[7] Other courts have considered whether an acknowledgment that omitted the name of one of two grantors was in substantial compliance with the Notary Public Act. *See In re Mullaney*, No. 17-00039, 2019 WL 1579691 (Bankr. E.D.N.C. Apr. 11, 2019), *aff'd, Mullaney v. Bank of Am.*, 611 B.R. 770 (E.D.N.C. 2019).

a. An individual appeared in person before the notary and presented a record.
b. The individual was personally known to the notary or identified by the notary through satisfactory evidence.
c. The individual did either of the following:
  i. Indicated to the notary that the signature on the record was the individual's signature.
  ii. Signed the record while in the physical presence of the notary and while being personally observed signing the record by the notary.

N.C. Gen. Stat. § 10B-3(1).

In the acknowledgment at issue here, the notary certified, "whether or not stated in the certificate," that "an individual" appeared, was identified, and signed the Deed of Trust. While it can only be taken from the statute that the notary certified a single, unspecified individual, there is only one potential party that the notary would have certified with regard to the Deed of Trust – the Debtor. Again, the significance of Section 10B-40(a1) could be greatly reduced in a scenario in which a certified instrument contained multiple signatories, as in *Barber*, 161 S.E. at 549, but that is not the case here where the Debtor is the only party that would have appeared before the notary.

The Plaintiff's arguments to the contrary are not persuasive. First, the Plaintiff asserts that, because the list of technical defects under N.C. Gen. Stat. § 10B-68(c) does not include the omission of a signor's name from an acknowledgment, such an omission must always preclude a finding of substantial compliance. However, the listed examples in subsection (c) are those types of defects that, *in all cases*, will not affect the sufficiency, validity, or enforceability of the notarial certificate. There are certainly instances – the Court has identified some –

in which the omission of a grantor's name could fail to merit a finding of substantial compliance, such as when the certified instrument contained multiple signatories or where it is unclear whether the acknowledgment and signature refer to, and are contained within, the same instrument. The legislature's decision to not explicitly include the omission of a grantor's name in the non-exhaustive list of technical defects,[8] which are always forgiven, is simply a recognition that such an omission could satisfy the substantial compliance standard under the liberal approach to acknowledgments extolled in *Freeman*, 199 S.E. at 14, or conversely fail to do so, depending on the unique facts of a given case.

The same rationale applies to the Plaintiff's reliance upon N.C. Gen. Stat. § 47-107 (2021), which the Plaintiff argues "scuttles First Citizen's entire argument." Section 47-107 "conclusively presumes" that any acknowledgment that is missing the name of a grantor from the certificate was "duly acknowledged" after it has been registered and unchallenged for a period of 21 years.[9] This statute, the Plaintiff argues, "dictates (by negative implication) that the omission of a signor's

---

[8] *See* N.C. Gen. Stat. § 10B-68(c) ("Other technical defects include, *but are not limited to …*" (emphasis added)).

[9] **Validation of probate and registration of certain instruments where name of grantor omitted from record.** Whenever any deed, deed of trust, conveyance or other instrument permitted by law to be registered in this State has been registered for a period of 21 years or more and a clerk of the superior court or a register of deeds has adjudged the certificate of the officer before whom the acknowledgment was taken to be in due form and correct and has ordered the instrument to be recorded, but the name of a grantor which appears in the body of the instrument and as a signer of the instrument has been omitted from the record of the certificate of the officer before whom the acknowledgment was taken, such deed, deed of trust, conveyance or other instrument shall be conclusively presumed to have been duly acknowledged, probated and recorded; provided this presumption shall not affect litigation instituted within 21 years after date of registration. N.C. Gen. Stat. § 47-107 (2021).

21

name from a notarial acknowledgment in a deed is not substantial compliance with the statutory form" (Docket No. 19, ¶ 25). Despite the Plaintiff's emphatic insistence that there is "only one possible way" to interpret the statute (Docket No. 19, ¶ 26), the Court is not persuaded that N.C. Gen. Stat. § 47-107 requires an automatic finding that the acknowledgment in the Deed of Trust is not substantially compliant with the Notary Public Act.

Section 47-107 merely states that, provided the relevant 21-year period is satisfied, any acknowledgment in which the certificate is missing the grantor's name will be conclusively presumed to have been duly acknowledged, without the need for any litigation or analysis as to whether the acknowledgment substantially complied with the law.[10] A reasonable construction of § 47-107, and one which better aligns with the liberal approach toward acknowledgments evidenced in North Carolina caselaw, *see Freeman*, 199 S.E. at 14, is that any litigation challenging such an acknowledgment beyond the 21-year window can be quickly discarded, while suits initiated inside the 21-year window can proceed, albeit with analysis under the doctrine of substantial compliance and the presumption of regularity. If the section was as definitive and sweeping in its effect as the Plaintiff contends, there would surely be some record of North Carolina courts using § 47-107 to invalidate acknowledgments in which the grantor's name was omitted from the

---

[10] As originally passed in 1941, the law provided the same protection to acknowledgments in which the certificate omitted the grantor's name, but was tied to a specific year, i.e., those instruments registered prior to January 1, 1924. N.C. Gen. Stat. § 47-107 (1941). The section was amended in 1971 to its current form with the 21-year period, it appears to the Court, to extend the presumption of validity afforded to such instruments ad infinitum and forestall the need for any further statutory amendments.

22

notarial certificate. As it stands, the Plaintiff has not provided, and the Court is unable to find, a single citation using § 47-107 in such a manner in the statute's eighty years of existence.

Lastly, the Plaintiff attempts to distinguish this case from *Freeman* and *Amazon Cotton* by arguing that their holdings hinged on the use of words with "specific legal impact" (Docket No. 19, ¶ 39). The Plaintiff argues that the phrase in *Freeman*, "Acknowledged to before me," was substantially compliant because it "refers to the signor of the underlying document," while the same word here — "acknowledged" — "is meaningless" and is not a "legally operative word" because it "refers to '____'" (Docket No. 19, ¶ 40 n. 4) (citing *Freeman*, 199 S.E. at 14). The Plaintiff argues the same is true of the word "subscribed" in *Amazon Cotton*, which he also asserts is "legally operative" (Docket No. 28, ¶ 2) (citing *Amazon Cotton*, 109 S.E. at 69). The Plaintiff argues that the words "acknowledged" in *Freeman* and "subscribed" in *Amazon Cotton* somehow encompassed the identity of the signatory in a way that the phrase at issue here — "acknowledged the due execution of the foregoing instrument" — does not.

This argument strikes the Court as an overly strained, and altogether unpersuasive, attempt to distinguish the language at issue in *Freeman* and *Amazon Cotton* from the similar wording found in the notarial certificate here. The Plaintiff argues that "acknowledged" and "subscribed" were "legally operative words," a phrase which appears nowhere in the holdings of *Freeman*, *Amazon Cotton*, or any of the leading cases on the substantial compliance standard in North Carolina. The

Plaintiff fails to satisfactorily explain why the use of the word "acknowledged" here should be any less "legally operative," other than simply pointing to the presence of the blank space. Critically, the Plaintiff fails to explain why a blank space militates strongly against a finding of substantial compliance here, but not in *Amazon Cotton*. 109 S.E. at 68 (noting the acknowledgment stated, "Signed, sealed and delivered in the presence of --- […]"). Simply put, both the notarial certificate in this case and in *Freeman* and *Amazon Cotton* omit the name of the signatory, and the Plaintiff fails to set forth a convincing explanation for why the similar wording in those cases would be more "legally operative" than that used here, or why the use of a blank space here is determinative where the same blank space in *Amazon Cotton* was not.

Based on the guidance within *Amazon Cotton* and *Freeman*, and with further support from N.C. Gen. Stat. § 10B-40(a1), the Court finds the acknowledgment within the Deed of Trust substantially complies with the Notary Public Act. Accordingly, a presumption of regularity is afforded the acknowledgment under N.C. Gen. Stat. § 10B-99.

b. *The Complaint Does Not Contain Factual Allegations Sufficient to Rebut the Presumption of Regularity*

As the acknowledgment is substantially compliant and the presumption of regularity has arisen, the Complaint must assert factual allegations of irregularity to survive the Defendants' Motion to Dismiss. Yet, the Complaint does not allege fraud or any knowing or deliberate violation of the Notary Public Act on the part of the notary. Nor does the Complaint deny that the acknowledgment occurred, which

24

in any event, would be insufficient on its own to rebut the presumption without additional factual support. *Moore v. Moore*, 424 S.E.2d 673, 675 (N.C. Ct. App. 1993) (finding there must be more than a bare allegation that no acknowledgment occurred in order to impeach a notary's certification).

The Complaint relies entirely on the omission of the Debtor's name from the acknowledgment as the basis for finding the Deed of Trust ineffective for priority purposes. Invalidating the Deed of Trust for this reason, when the Court finds it substantially complied with the Notary Public Act, would conflict with the liberal construction afforded to certificates of acknowledgment under North Carolina law. *See Freeman v. Morrison*, 199 S.E. 12, 14 (N.C. 1938); 2 WEBSTER'S REAL ESTATE LAW § 17.06 (2021). North Carolina courts have historically been concerned "with instruments whose legitimacy is in doubt – not with errors in the form of certificates describing the events." Szypszak, *supra* at 219. While the acknowledgment here undoubtedly contains an error in the form of the certificate, the Plaintiff has not alleged any other reason to question the legitimacy of the Deed of Trust.

For the reasons stated above, the Court finds that, despite the asserted defect, the acknowledgment substantially complied with the Notary Public Act and warranted a presumption of regularity under N.C. Gen. Stat. § 10B-99. Because the Complaint does not contain factual allegations that would rebut the presumption, there is no basis for invalidating the Deed of Trust and, consequently, no basis for awarding the Plaintiff relief under 11 U.S.C. § 544(a).

As the Plaintiff's Complaint does not allege enough facts to state a claim to relief under § 544(a) that is plausible on its face, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Court must grant the Defendants' Motion to Dismiss under Rule 12(b)(6).

### 2. The Plaintiff's Motion for Summary Judgment

In light of this Court's determination to grant the Defendants' Motion to Dismiss, it denies the Plaintiff's Summary Judgment Motion as moot for the same reasons discussed above. *See Packrite, LLC v. Graphic Packaging Int'l, LLC*, No. 1:17CV1019, 2020 WL 7060395, at *8 (M.D.N.C. Dec. 2, 2020) (dismissing as moot defendant's motion for partial summary judgment where it granted motion to dismiss); *see also Haydu v. U.S. Fed. Gov't*, No. 3:12-CV-1424, 2013 WL 665066, at *46 (N.D.N.Y. Jan. 29, 2013) ("Because the claims against defendants do not survive the motions to dismiss, the Court denies as moot plaintiff's motion for summary judgment.").

### CONCLUSION

For the reasons stated above, the Court concludes the Plaintiff has not plausibly pleaded a claim upon which relief can be granted under 11 U.S.C. § 544(a).

Accordingly, IT IS HEREBY ORDERED that the Defendants' motion to dismiss the Complaint is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's motion for summary judgment is DENIED as moot.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Bruton v. First Citizens Bank & Trust Co. et al

AP 21-6002

Stephanie Elizabeth Goodbar
*via cm/ecf*

Alan B. Powell
*via cm/ecf*

Andrew Dale Irby
*via cm/ecf*

Daniel C. Bruton
*via cm/ecf*

William P. Miller, BA
*via cm/ecf*

Cynthia Amelia Butler
2526 Wood Valley Road
Winston Salem, NC 27106

Benjamin David Busch
The Law Offices of John T. Orcutt, PC
6616-203 Six Forks Road
Raleigh, NC 27615

First Citizens Bank & Trust Company
4300 Six Forks Road
Raleigh, NC 27609

Mortgage Electronic Registration Systems, Inc.
PO Box 2026
Flint, MI 48501-2026